IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMELIA ARCAMONE-MAKINANO, BONIFACIO MAKINANI, GUILLERMO AVILA PAZ; RANDAL MASSARO; and CLIFTON ADUDDEL,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES BUREAU OF LAND MANAGEMENT and AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS,<br><br>Defendants. | REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTIONS TO DISMISS [33, 34] and PLAINTIFFS' MOTION [36] FOR DEFAULT JUDGMENT<br><br>Case No. 2:21-cv-00458-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B) (ECF 43). Before the court are four motions: (1) Defendant Bureau of Land Management's (BLM) Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (ECF 34); (2) Defendant American Society for the Prevention of Animals' (ASPCA) Motion to Dismiss pursuant to Rule 12(b)(1) and (6) (ECF 33); (3) pro se Plaintiffs' Motion for Default Judgment (ECF 36); and (4) Plaintiffs' Motion for Ruling (ECF 41). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the materials presented in the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the undersigned RECOMMENDS that BLM's Motion to Dismiss be DENIED (ECF 34); ASPCA's Motion to Dismiss be GRANTED (ECF 33); the Motion for Default Judgment be DENIED (ECF 36); and the Motion for Ruling be DENIED as moot (ECF 42).

## I.       DISCUSSION

This action was removed to Federal Court from the Third District Court of Utah on July 27, 2021 (ECF 2).  An Amended Complaint was filed on August 23, 2021 (ECF 30).  The claims in this case arise from three of the five Plaintiffs' attempts to visit the Onaqui herd of wild free-roaming horses in July 2021.  According to the Amended Complaint, a herd of more than 400 wild free-roaming horses populate the Onaqui Mountain Range in central Utah (ECF 30 at 5).  On July 1, 2021, the BLM issued a final decision to capture horses in that herd at at the Dugway Proving Grounds in Touelle and Juab Counties, Utah to reduce the number of horses to a population the range could sustain (ECF 30 at 5).  The area recently experienced drought conditions and, according to the excerpts of the BLM decision pointed to by Plaintiffs, less grass was available on the range to support wildlife or livestock grazing (ECF 30 at 5). Plaintiffs allege in their Amended Complaint that the BLM removed wild horses but did not reduce the number of livestock grazing permittees in the same area (ECF 30 at 7).  Using a helicopter drive-trapping operation, 296 horses were captured during the round up (ECF 30 at 8).

Two Plaintiffs, Amelia Arcamone-Makinano and Bonifacio Makinani, attempted to visit to show their children the herd (ECF 30 at 2).  One Plaintiff, Guillermo Avila Paz, visits the herd regularly to photograph the herd and he displays those photographs at art galleries.  His visits with the herd also provide him therapy in overcoming and managing the effects of a traumatic brain injury (ECF 30 at 2–3).  Plaintiff Randal Massaro is President of Union Members for the Preservation of Wildlife International (ECF 30 at 4).  Plaintiff Clifton Aduddell is a member of the Choctaw tribe and President of the Native American Church of Ghost Dancers (ECF 30 at 4).

Plaintiffs' Amended Complaint asserts that BLM violated the Wild and Free-Roaming Horses and Burros Act and the National Environmental Policy Act, as well as several other federal

2

environmental statutes and regulations. Plaintiffs ask that the Onaqui range be closed to grazing by livestock animals; that horses rounded up in the July roundups be returned to the Onaqui range immediately; that any horses not returned to the Onaqui range be tracked with GPS collars to protect the horses from ever going to slaughter; that horses not returned be put in off-range pastures, not off-range corrals, for the rest of their lives; and that contractors used for helicopter roundups be held to BLM standards (ECF 30 at 11).

Both Defendants request dismissal of this action (ECF 33, 34). Plaintiffs move for a default judgment against BLM (ECF 36) and for entry of orders on all motions (ECF 41). The court addresses each motion in turn.

### A. BLM's Motion to Dismiss—Derivative Jurisdiction Does Not Bar Claims Removed Pursuant to 28 U.S.C. § 1441(a)

Defendant BLM moves to dismiss pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction based on the doctrine of derivative jurisdiction. In removal cases, the general rule of derivative jurisdiction is that if the state court lacks jurisdiction of the subject-matter or the parties, the federal court also lacks jurisdiction, even if the federal court would have jurisdiction if the action was originally filed in federal court. *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981); *Utah v. Gollaher*, No. 2:18-CV-309-DB, 2019 WL 1013416, at *2 (D. Utah Mar. 4, 2019) (quoting *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922)). Under this theory, cases that arise under federal law but were filed in state court first must be dismissed or remanded once removed to federal court. *Lambert*, 258 U.S. at 382. However, pursuant to modern amendments to the removal statutes, the jurisdiction of the federal court is not barred by the doctrine of derivative jurisdiction in cases removed pursuant to 28 U.S.C. § 1441. 28 U.S.C. § 1441(e), (f); *Jiron v. Christus St. Vincent Reg. Med. Ctr.*, 960 F. Supp. 2d 1147, 1150 (D. N.M. 2012) (discussing the history of legislative amendments to 28 U.S.C. § 1441(e) and (f)). In its

3

motion, BLM recognizes the exception for cases removed pursuant to 28 U.S.C. § 1441 (ECF 34 at 5).

This action was originally filed in state court (ECF 2 at Ex. 1 & 2). Defendants jointly moved to remove the action to federal court pursuant to (1) 28 U.S.C. § 1442(a), as an action against an agency of the United States, and (2) 28 U.S.C. § 1441(a) and § 1331 as an action arising under federal law. While Defendant BLM asserts in its Motion to Dismiss that this matter was removed pursuant to 28 U.S.C. § 1442 (ECF 34 at 5), a review of the notice of removal requires a finding that this case was removed pursuant to both 28 U.S.C. § 1442(a) and § 1441(a). Removal under 28 U.S.C. § 1441 prohibits dismissal based on the doctrine of derivative jurisdiction in this case. As a result, the court RECOMMENDS that BLM's motion to dismiss on the basis of derivative jurisdiction be DENIED.

### B. ASPCA's Motion to Dismiss—No Private Right of Action or Citizen Enforcement Authority

The only allegation in the Amended Complaint against Defendant ASPCA appears at Paragraph 13 where Plaintiffs allege that ASPCA oversees BLM helicopter roundups (ECF 30). No further detail is provided in the Amended Complaint about the conduct or role of ASPCA in the July 2021 roundup. Defendant ASPCA moves to dismiss pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction; pursuant to Rule 12(b)(6) for failure to state a claim on which relief can be granted; and for lack of standing (ECF 33). The court finds the issue of subject-matter jurisdiction to be dispositive and declines to consider the other bases for dismissal.

The standards for reviewing a motion filed pursuant to Rule 12(b)(1) can vary depending on the type of attack raised by the moving party. Motions to dismiss for lack of subject-matter jurisdiction may be either facial or factual attacks. *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020). A facial attack assumes the allegations in the complaint are true and no

further materials are considered. *Id.* A factual attack goes beyond the allegations in the complaint. *Id.* When a factual attack is raised, the court has discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve the issue of jurisdiction, without requiring Rule 12 conversion to a motion for summary judgment unless the jurisdictional question is intertwined with the merits. *Id.* It appears that ASPCA raises a facial attack on jurisdiction. Plaintiffs provide two documents with their response to support their theory that ASPCA is accountable for the roundup activities due to ASPCA's mission, its advocacy regarding roundups, and as a private fundraising organization (ECF 35 at Exs. A, B). However, ASPCA's motion is a facial attack to the jurisdiction of this court, not a factual attack. The court therefore limits its review to the allegations presented in the Amended Complaint.

Plaintiffs' claims arise primarily under two federal environmental programs: the Wild Free-Roaming Horses and Burros Act and the National Environmental Policy Act. The Wild Free-Roaming Horses and Burros Act, 16 U.S.C. §§ 1331–1340, requires the management of wild horses and burros on public land, recognizing that "wild free-roaming horses and burros . . . belong to no one individual. They belong to all the American people." *Rock Springs Grazing Ass'n v. Salazar*, 935 F. Supp. 2d 1179, 1181–82 (D. Wyo. 2013) (quoting S. Rep. No. 92-242 (1971)). The Secretary of the Interior delegates the management program required by the Wild Free-Roaming Horses and Burros Act to the BLM. *Id.* at 1181. The National Environmental Policy Act, 42 U.S.C. §§ 4321 *et seq.*, and its regulatory program impose processes that each federal agency, including BLM, must adhere to before taking certain federal actions.

Neither the Wild Free-Roaming Horses and Burros Act nor the National Environmental Policy Act create a private right of action against private citizens or organizations. The two federal statutes create causes of action against federal agencies only, and those actions are to be brought

against those agencies pursuant to the Administrative Procedures Act (APA).  *E.g.*, *Theodore Roosevelt Conservation P'ship v. Salazar*, 616 F.3d 497, 507 (D.C. Cir. 2010) ("Neither NEPA nor FLPMA provides a private right of action, so the Administrative Procedure Act (APA) supplies the applicable vehicle for review of the Bureau's actions."); *Wild Horse Observers Ass'n v. Salazar*, No. 1:11-CV-00335-MCA-RHS, 2012 WL 13076299, at 4 (D. N.M. Sept. 28, 2012) ("The Wild Horses Act does not provide for a private right of action and, therefore, the *Amended Petition* seeks relief under the APA. Review under the APA is limited to final agency actions."). The ASPCA is not a federal agency.

In the Opposition, Plaintiffs also point in their Amended Complaint to the 28-Hour Law, 49 U.S.C. § 80502; the Lacey Act, 16 U.S.C. §§ 3371–3378, and the Preventing Animal Cruelty and Torture Act, 18 U.S.C. § 48 (ECF 30 at ¶ 34).  The 28-Hour Law requires transporters of certain farm animals to feed, water, and rest animals after 28 consecutive hours of transit, subject to certain exceptions.  49 U.S.C. § 80502.  The Lacey Act criminalizes, among other things, the interstate transport of illegally killed birds and animals and the import and export of wildlife taken, transported, or sold in violation of state, federal, foreign, or Indian law.  16 U.S.C. §§ 3371–3378, *U.S. v. DeMasters*, 866 F.2d 327, 328 (10th Cir. 1989).  The Preventing Animal Cruelty and Torture Act makes certain acts of animal cruelty a federal criminal offense.  18 U.S.C. § 48.

None of these three statutes create a private right of action for citizen enforcement, nor has any party argued that a private right of action can be inferred from these statutes. *See Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263, 1266–67 (10th Cir. 2004) (discussing the two-part test for determining whether Congress intended to create a private right of action).  A violation of the 28-Hour Law can result in a civil penalty through a civil action brought by the Attorney General.  49 U.S.C. § 80502(d).  The Lacey Act includes express language that it enforceable only by

designated federal agencies which does not include ASPCA. 16 U.S.C. § 3375(a). The Preventing Animal Cruelty and Torture Act is part of the U.S. criminal code, exclusively enforceable by the Department of Justice. 28 U.S.C. § 547 (delegating the prosecution of crimes against the United Sates to the United States Attorneys). Plaintiffs have provided no authority to support alleged violations on these three federal statutes being enforceable by citizens.

The court concludes that it has no subject-matter jurisdiction over the claims raised against ASPCA because (1) the Amended Complaint does not allege that ASPCA is a federal agency responsible for implementing or abiding by the Wild Free-Roaming Horses and Burros Act and the National Environmental Policy Act, and (2) no private right of action or citizen enforcement authority exists for the three other statutes Plaintiffs cite in their Amended Complaint. Dismissal for lack of subject-matter jurisdiction must be without prejudice. *E.g.*, *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006). After a federal court finds that subject-matter jurisdiction is lacking, 28 U.S.C. § 1447(c) requires remand back to state court. 28 U.S.C. § 1447(c), *Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1225–26 (10th Cir. 2012). In this case, remand is not appropriate given that the federal question claims against BLM remain at this time. *Wisconsin Dep't of Corr. v. Schact*, 524 U.S. 381, 392–93 (1998); *Shaw v. Marriott Int'l*, 605 F.3d 1039, 1044 (D.C. Cir. 2010) (discussing *Schact* and explaining remand is not required where there are multiple claims and some survive in federal court). The court RECOMMENDS that ASPCA's motion to dismiss on the basis of subject-matter jurisdiction be GRANTED WITHOUT PREJUDICE and that REMAND to state court is not appropriate at this time given that the federal question claims against BLM remain.

### C. Plaintiffs' Motion for Default—All Papers Were Signed by Agency's Counsel

Plaintiffs move for an entry of default against Defendant BLM (ECF 36), asserting that the BLM's motion to dismiss was not signed by a person with authority and therefore the agency has not met the requirements of Rule 11(a) (ECF 36 at ¶ 27). Plaintiffs argue that only Secretary of the Interior Deb Haaland may sign the pleadings in this case (ECF 36 at ¶ 27). The law does not require the Secretary of the Interior to sign pleadings or other litigation papers. Federal law requires those tasks to be completed by the attorneys for the agency. 28 U.S.C. §§ 516, 547. Defendant BLM's Motion to Dismiss, and all other papers filed by BLM in this case, have been signed by counsel. The requirements of Rule 11(a) have been satisfied.

Plaintiffs also argue that BLM improperly operated without a Director confirmed by the Senate and therefore any agency decisions should be set aside and the agency lacks standing as a defendant (ECF at 9–10, 12–17). Plaintiffs rely on the reasoning in *Bullock v. BLM*, 489 F. Supp. 3d 1112, 1126–29 (D. Mont. 2020). The reliance on *Bullock* is misplaced for the purposes of this motion for default. In *Bullock*, the question of whether the Acting Director of BLM had authority to act was an issue that went to the merits of the claims in that case, not the procedural issue presented in this case of whether a pleading has been signed by an appropriate official. In this case, BLM's motion to dismiss was signed by counsel for the agency as required.

### D. Plaintiff's Motion for Ruling—All Pending Motions Have Been Resolved

On April 4, 2022, Plaintiffs moved for the entry of judgment on the above motions within thirty days (ECF 41). Defendant ASPCA responded, noting that all briefing was complete but taking no position on the motion (ECF 42). The undersigned has issued its recommendation on the pending motions and also RECOMMENDS that the Motion for Ruling be DENIED as moot.

## RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Defendant BLM's Motion to Dismiss be DENIED (ECF 34); that ASPCA's Motion to Dismiss be GRANTED WITHOUT PREJUDICE (ECF 33); that Plaintiffs' Motion for Default Judgment be DENIED (ECF 36), and that Plaintiffs' Motion for Ruling be DENIED as moot (ECF 42).

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 6 May 2022.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah